*Dunbar v. State of Connecticut*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand twenty.

PRESENT:
>           GUIDO CALABRESI,
>           ROBERT A. KATZMANN,
>           RICHARD J. SULLIVAN,
>                   *Circuit Judges.*

———————————————————————————

Timolyn Deneen Dunbar,

>                   *Plaintiff-Appellant*,

>           v.                                                                      19-2982

Marc Heinmiller, David Montini, Stephen Cowf,
Kelly Billings, Shawn Musial, State of Connecticut,

>                   *Defendants-Appellees*,

Muzile,

>                   *Defendant*.

———————————————————————————

FOR PLAINTIFF-APPELLANT:                                  TIMOLYN DENEEN DUNBAR,
                                                          pro se, Petersburg, VA.

1

FOR DEFENDANTS-APPELLEES: MATTHEW B. BEIZER, Assistant Attorney General, *for* William Tong, Attorney General, State of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Meyer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Timolyn Deneen Dunbar, proceeding pro se, appeals from the district court's sua sponte dismissal of her amended complaint after she failed to respond to the court's order to show cause why this action should not be dismissed under *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994).[1]  Under *Heck*, a plaintiff may not assert a § 1983 claim for damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the plaintiff first "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*[2]  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] Dunbar also moves, in a motion styled as a motion for "judicial notice," for leave to proceed in forma pauperis.   This motion is **DENIED** as unnecessary because the district court granted in forma pauperis status and did not revoke it.

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

We review the sua sponte dismissal of a complaint de novo. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). While "we liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017), pro se appellants must still comply with Rule 28(a) of the Federal Rules of Appellate Procedure, which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). We "normally will not . . . decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("We need not manufacture claims of error for an appellant proceeding *pro se* . . . ."); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Dunbar's appellate brief addresses the reasons that she believes that the defendants violated her rights. But it does not address the district court's reasons for dismissal, namely that she failed to respond to the court's order to show cause why the initial complaint should not be dismissed under *Heck*, and that the amended complaint appeared to be barred by the *Heck* doctrine for the same reasons as the initial complaint. Dunbar has thus waived any challenge to the district court's order. *See Moates*, 147 F.3d at 209.

We have considered all of Dunbar's arguments on appeal and have found in them no grounds for reversal. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Dunbar's motion for in forma pauperis status as unnecessary.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3